# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

V.  1:08-CR-00170-BRW-JJM

JIMMY LEE BARNER

## ORDER

Pending are Defendants' Motion to Dismiss (Doc. No. 157) and Motion in Limine (Doc. No. 155). The Prosecution has responded.[1] Also pending is the Prosecution's Motion in Limine (Doc. No. 151).

**1. Defendant's Motion to Dismiss**

Defendant was charged under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) with being a felon in possession of several firearms and some ammunition on January 31, 2008. Defendant contends because "the indictment charges Mr. Barner with possessing 4 separate weapons as well as two different types of ammunition," the indictment is duplicitous and should be dismissed.[2]

The Court of Appeals for the Second Circuit has noted that "a convicted felon who simultaneously possesses various firearms and rounds of ammunition can generally only be charged with a single violation of § 922(g) . . . ."[3] Here, Defendant was charged in only one count with possession of the weapons and ammunition on January 31, 2008. Accordingly, Defendant's Motion to Dismiss (Doc. No. 157) is DENIED.

---

[1] Doc. No. 158.

[2] Doc. No. 157.

[3] *United States v. Olmeda*, 461 F.3d 271 (2d Cir. 2006).

1

## 2. Defendant's Motion in Limine

### a. DNA Report

Defendant asserts that the Prosecution's DNA report related to some of the evidence collected at Defendant's residence is not relevant. Defendant argues that, based on the DNA report, there "is no inclusion, but, rather, Mr. Barner cannot be excluded. Therefore the lack of probative evidence in the instant case, we believe that the evidence should be excluded."[4] In the alternative, Defendant argues that the evidence should be excluded under F.R.E. 403.

Defendant's attacks on the DNA evidence should go to the jury. Accordingly, the motion in limine is DENIED as it relates to the DNA report.

### b. Kerry Eldridge

The Prosecution has indicated that

> Kerry Eldridge may be called to testify, either during the government's case-in-chief, or during its rebuttal case, that he knows the defendant, and that he observed the defendant in possession of the FIE/Firearms Import/Export, Model Titanic .32 caliber revolver, bearing serial number B27?43, or with a firearm that looks like it, within approximately one week prior to the firearms were seized from the defendant's storage closet on January 31, 2008.[5]

Defendant asserts that Kerry Eldridge should not be permitted to testify under F.R.E. 403, and because Mr. Barner was acquitted on charges in a previous trial, where Mr. Eldridge was a witness.

Defendant's Motion is DENIED in PART and GRANTED in PART. Mr. Eldridge may testify as to whether he knows Defendant and whether he saw Defendant possess, a week before the date in the indictment, a firearm listed in the indictment. Mr. Eldridge will not be permitted to reference the earlier trial involving Defendant in which he testified.

---

[4]Doc. No. 155.

[5]Doc. No. 153.

### 3. The Prosecution's Motion in Limine

The Prosecution asserts that Defendant should not be permitted to either implicitly or explicitly discuss the legality of the search conducted on January 31, 2008. Based on *United States v. Barner*, 666 F.3d 79 (2d. Cir 2012), the motion is GRANTED.

### CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion to Dismiss (Doc. No. 157) is DENIED and Defendant's Motion in Limine (Doc. No. 155) is GRANTED in PART and DENIED in PART. The Prosecution's Motion in Limine (Doc. No. 151) is GRANTED.

IT IS SO ORDERED this 11th day of September, 2012.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE